696 So.2d 919 (1997)
Anthony R. MARTIN, Appellant,
v.
PALM BEACH ATLANTIC ASSOCIATION, INC., and Susan Rasmussen, Appellees.
No. 95-2236.
District Court of Appeal of Florida, Fourth District.
July 9, 1997.
*920 Anthony R. Martin, Palm Beach, pro se.
Michele I. Nelson of Paxton, Crow, Bragg, Smith & Keyser, P.A., West Palm Beach, for appellees.
WARNER, Judge.
A directed verdict was entered after the presentation of appellant's case in which he had sued the appellee condominium association for violation of his rights under Title VIII of the Fair Housing Act of 1968, 42 U.S.C.A. § 3604 et seq.(FHA). He alleged in his complaint that the rules of the condominium illegally prevented the residence of his children in his apartment, and during his residency at the condominium, he was constantly harassed about the conduct of his children. We conclude that appellant presented a prima facie case under sub-section 3604(c) of the FHA but not under sub-sections 3604(a) and (b). We therefore affirm in part and reverse in part.
Appellant rented an apartment in the Palm Beach Atlantic condominium and moved into the condominium in November of 1990 with his two small children, ages four and six. He rented the condominium from a savings and loan which had obtained it through foreclosure. Because of this, appellant's rental was never approved by the association. He stopped paying rent on the condominium in December of 1990 and moved out in January of 1991 after receiving a three-day notice for *921 non-payment of rent, although he had stated that he remained in possession of the apartment for another month after that.
About a year later, the appellant sued the condominium and its manager alleging various acts of discrimination in violation of the FHA. He also filed other counts, but those were voluntarily dismissed prior to trial. His complaint under the FHA was for discrimination directed at his occupation of the apartment with his children, i.e., "familial status" discrimination.
At trial, he testified to the acts which he claimed constituted discrimination. He received a summary of the house rules and regulations which were anonymously slipped under his door. These rules prohibited occupancy of apartments with children under the age of twelve. They also placed restrictions on the children's conduct. Appellant testified that had he known of the rules, he would not have rented at the condominium. He also testified to receiving a note on his car warning him to stop monopolizing the parking. Another note was anonymously placed inside the apartment notifying him that his newspapers were in the laundry room. Appellant also offered testimony that his mother overheard the residents "gossiping" about damage caused to a door by his children. He denied that his children had done any damage. He also testified to being contacted several times by his landlord after the manager of the condominium association had called the landlord to complain about appellant's children's activities. The manager had told the landlord that the children were not supervised when playing in the garage, in the elevators, and on the street. Appellant attributed the source of these complaints to the president of the association, although he never talked to her about them, nor did anyone else at the association speak to him about his children.
As part of his case, appellant called the manager of the association who testified that she neither delivered the rules and regulations to him nor delivered any of the notes left on his car or apartment. Furthermore, she testified that her calls regarding his children's behavior were out of concern for their safety. She recalled having made three calls. The manager stated that she neither called appellant about the scratched door nor asked him to pay for any damage. The rules and regulations regarding children were never enforced against the appellant, and the manager knew that they were illegal under the FHA. In fact, they were in the process of revision to be completed at the annual meeting in February of 1991.
Upon motion of the appellee at the close of the evidence, the court determined that the evidence failed to show that the rules had ever been enforced or attempted to be enforced against the appellant, nor had the appellee in any way discriminated against the appellant. It therefore granted the directed verdict.
The federal Fair Housing Act, 42 U.S.C.A. § 3604, makes it unlawful:
(a) To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin.
(b) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin.
(c) To make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, sex, handicap, familial status, or national origin, or an intention to make any such preference, limitation, or discrimination.
In order to make out a prima facie case of a violation of sub-section 3604(a) for discriminatory housing refusal, a plaintiff must show that he is a member of a statutorily protected class who applied for and was qualified to rent or purchase housing and was rejected although housing remained available. Soules v. United States Dep't of Housing & Urban Dev., 967 F.2d 817 (2d Cir.1992). Appellant has failed to prove a violation of sub-section 3604(a), because he was never refused the *922 opportunity to rent the condominium unit. He rented the unit, and no one from the condominium association tried to evict the appellant from his apartment because of his children. Indeed, his lease was terminated for nonpayment of rent.
A violation of sub-section 3604(b) may be proven by showing either discriminatory treatment or discriminatory effects of a given policy on a statutorily protected group. Simms v. First Gibraltar Bank, 83 F.3d 1546 (5th Cir.1996), cert. denied, ___ U.S. ___, 117 S.Ct. 610, 136 L.Ed.2d 535, 65 U.S.L.W. 3428 (1996). "The ultimate question in a disparate treatment case is whether the defendant intentionally discriminated against plaintiff." Honce v. Vigil, 1 F.3d 1085, 1088 (10th Cir.1993). As in Honce, the appellant herein neither proved that the appellee tried to terminate his residency at the apartment nor proved that the association treated the appellant any differently than it treated other persons in the enforcement of its rules. Of the several calls and "complaints" from the manager of the association, only three concerned specific conduct of the children and related to their safetyplaying in the street, in the elevator, and on the roof. The other specific complaint lodged by the appellant was that his mother heard neighbors "gossiping" about damage to a door allegedly caused by his children. However, he admitted that no one from the association ever contacted him with respect to the door damage, nor did the association or its manager take any other action which adversely impacted on appellant's residency with his children, such as threatening appellant with removal for violation of the rules or preventing him or the children from using any part of the condominium. The complaints about parking and the use of the laundry room are not actionable under the FHA as they do not relate to appellant's familial status. The evidence produced was insufficient to prove either discriminatory intent or discriminatory impact.
With respect to sub-section 3604(c), appellant alleges that the publication of the rules with their prohibition of occupancy by children under the age of 12 constitutes a violation of the FHA. Most of the analysis of sub-section 3604(c) involves commercial advertising practices which discriminate on the basis of race. E.g., Ragin v. New York Times Co., 923 F.2d 995 (2d Cir.1991). No showing of subjective intent to discriminate is necessary to establish a violation of this section. Jancik v. Department of Housing & Urban Dev., 44 F.3d 553, 556 (7th Cir.1995); Ragin v. Harry Macklowe Real Estate Co., 6 F.3d 898, 906 (2d Cir.1993). We have found only one similar case. In Blomgren v. Ogle, 850 F.Supp. 1427 (E.D.Wash.1993), an apartment complex had passed rules in 1975 which included a prohibition against occupancy by children. However, the defendant managers contended that this rule was never enforced, and in fact several parents with children lived in the apartments. Nevertheless, the rules were distributed by the management. Moreover, despite the fact that the apartment manager claimed to know that the rule against children was unenforceable, the rules were revised but the prohibition against resident children continued. After having received numerous complaints about the plaintiff's son's behavior, the management decided not to renew her lease except on a month to month basis, which the plaintiff declined, instead filing a discrimination suit under the FHA. On summary judgment, the trial court concluded that the rules were discriminatory on their face, and their distribution constituted a violation of sub-section 3604(c), despite the fact that the management did not try to enforce them against the appellant.
In Mayers v. Ridley, 465 F.2d 630, 631 n. 1 (D.C.Cir.1972), the court determined that the recorder of deeds violated sub-section 3604(c) by recording deeds which incorporated references to covenants which included racial restrictions. In doing so, the court noted that this section made it unlawful to include discriminatory covenants in documents even if there is no effort to enforce them.
The rules of appellee condominium prohibiting children are discriminatory on their face under the "familial status" section of the FHA. Their publication is a statutory violation. In the instant case, the association may not have enforced the restrictions in question, but it neither took steps to remove the offending restrictions prior to appellant's *923 occupancy nor communicated their unenforceability to appellant. On the other hand, appellee's contention that it did not demonstrate an intent to discriminate may be considered by the jury as to the issues of damages and their causation. See Blomgren, 850 F.Supp. at 1439.
Appellant presented a prima facie case of violation of sub-section 3604(c) of the FHA, and he presented some evidence of damages, including emotional distress as a result of receiving the rules which is considered a compensable injury under the FHA. See Smith v. Anchor Bldg. Corp., 536 F.2d 231, 236 (8th Cir.1976); Saunders v. General Servs. Corp., 659 F.Supp. 1042, 1058 (E.D.Va. 1987). We therefore find that the court erred in granting a directed verdict in favor of the appellees on this claim. Consequently, we reverse and remand for a new trial on this issue.
KLEIN, J., and BARR, ROBBIE M., Associate Judge, concur.